AO 243 (Rev. 2/95)

PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | District EASTERN DISTRICT OF CALIFORNIA | |
|---|---|---|
| Name of Movant THOMAS RAYMOND ROSS | Prisoner No. 11416-097 | Case No. CR-S-99-043 WBS |
| Place of Confinement LOMPOC - F.C.I.; Lompoc, California | | |

UNITED STATES OF AMERICA         V.
THOMAS RAYMOND ROSS
                                        (name under which convicted)

MOTION

1. Name and location of court which entered the judgment of conviction under attack   Eastern District of California; Sacramento, California (Case No. CR-S-99-043-WBS)

2. Date of judgment of conviction   April 26, 2001

3. Length of sentence   20 years

4. Nature of offense involved (all counts)   Count 1: 21 U.S.C. sections 846 and 841(a)(1); Count 2: 21 U.S.C. sections 846 and 841(d)(2); and Count 3: 21 U.S.C. section 841(d)(2) and 18 U.S.C. section 2.

5. What was your plea? (Check one)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court United States Ct. of Appeals for the 9th. Circuit (No. 01-10277)

   (b) Result Convictions Affirmed

   (c) Date of result Certiorari denied at U.S. Supreme Court January 26, 2004

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information: Not Applicable

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐    No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

(3)

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐   No ☐
(2) Second petition, etc.    Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(4)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel. MOVANT INCORPORATES BY REFERENCE HIS
(h) Denial of right of appeal. SEPARATELY FILED MEMORANDUM IN SUPPORT OF PETITION

A. Ground one: Denial of effective assistance of counsel in violation of U.S. Const., Amends V, VI

Supporting FACTS (state *briefly* without citing cases or law)

Counsel was suspended from practice of law throughout trial.

B. Ground two: Denial of effective assistance of counsel in violation of U.S. Const, Amends. IV, V, VI

Supporting FACTS (state *briefly* without citing cases or law) (a) withdrawal of motion to suppress statements; (b) failure to obtain and utilize expert witness re coerced confessions; (c) failure to object to prosecutorial misconduct (improper cross-examination and improper vouching); (d) failure to call witness; (e) failure to move for judgment of acquittal; (f) failure to move for new trial;

C. Ground three: Conviction obtained by use of involuntary statements (coerced confessions) in violation of U.S. Const., Amends. IV, V, VI

Supporting FACTS (state *briefly* without citing cases or law) Confessions obtained by actual and implied threats (including threats of harm to family and loss of employment); confessions obtained by physical assault; confession obtained by denial of counsel; confessions obtained by coercive psychological procedures.

(5)

AO 243 (Rev. 2/95)

D. Ground four: Conviction obtained with statements obtained in violation of right to counsel per U.S. Const., Amends. IV, V, VI.

Supporting FACTS (state *briefly* without citing cases or law) Confessions and admissions made without valid Miranda waiver. Immediately before December 22, 1998 interrogation, Detective Nathan Benavides told movant he would not need a lawyer and he was to "cooperate" without counsel.

ADDITIONAL GROUNDS ON CONTINUATION SHEET

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: Ground 12B is based on ineffective assistance of counsel that is not directly appealable. Grounds 12C, 12D and 12E were not presented due to ineffective assistance of counsel, failing to raise the issues. Ground 12F is based on new law.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐    No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing  No preliminary hearing was held.

(b) At arraignment and plea  Robert M. Holley, 801 K Street, 28th Floor, Sacramento, CA 95814

(c) At trial  Malik Ali Muhammad--address unknown; disbarred attorney.

(d) At sentencing  Donald S. Frick, Post Office Box 276005, Sacramento, CA 95827-6005

(6)

AO 243 (Rev. 2/95)

(e) On appeal  Donald S. Frick, Post Office Box 276005,
    Sacramento, CA 95827-6005

(f) In any post-conviction proceeding  _____

(g) On appeal from any adverse ruling in a post-conviction proceeding  _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☒        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐        No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

Michael Artan
One Wilshire Boulevard, Suite 2200
Los Angeles, CA 90017

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1/20/05
(Date)

_____
Signature of Movant

(7)


PETITION UNDER 28 U.S.C. Section 2255 Continuation Sheet

12.B. (g) failure to move for correction of jury instructions; (h) failure to subpoena materials, conduct investigation; (i) calling movant's mother as a witness and eliciting only adverse testimony; (j) failure to elicit favorable evidence; (k) advising movant incompetently re trial testimony; (l) dissuading movant from plea negotiations—presumably to obtain a trial fee; and (m) failure to appeal on issue of prosecutorial misconduct in violation of U.S. Const., Amends. V and VI, in that the prosecutor impermissibly forced movant to evaluate truthfulness of government witnesses and compounded error in closing argument by arguing the point and vouching for government witnesses.

12.E. Ground Five: Conviction was obtained by prosecutorial misconduct in violation of U.S. Const., Amends. V and VI.

Supporting FACTS: The prosecutor impermissibly forced movant to evaluate truthfulness of government witnesses and compounded error in closing argument by arguing the point and vouching for government witnesses.

12.F. Ground Six: Sentence was based on improper application of Federal Sentencing Guidelines in violation of U.S. Const., Amend. VI.

Supporting FACTS: Movant was sentenced without jury finding beyond a reasonable doubt as to amount of controlled substance.


**ADDITIONAL DETAILS AND SUPPORTING FACTS FOR ITEMS 12.A., 12.B., 12.C., 12.D., 12.E., AND 12.F., ARE FOUND IN THE MEMORANDUM OF POINTS AND AUTHORITIES BEING FILED FORTHWITH AND THIS PETITION HEREBY INCORPORATES BY REFERENCE THE CONTENTS OF THAT MEMORANDUM.**