Michael H. Artan (State Bar No. 97393)
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: 213/688-0370
Facsimile: 213/627-9201
*Counsel for Defendant*
*Thomas Raymond Ross*

# UNITED STATES DISTRICT COURT,
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>THOMAS RAYMOND ROSS,<br><br>    Defendant/Movant.<br>_____/ | Case Nos.:   2:99-cr-43-WBS<br>                     2:05-cv-167-WBS<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED DISPOSITION** |

**TO THE CLERK OF COURT, PARTIES AND COUNSEL:**

Defendant/Movant Thomas Raymond Ross, by his counsel, files this brief in support of the disposition sought by the parties.

Respectfully submitted,

Dated:  May 2, 2013          /s/ Michael H. Artan
                                             _____
                                             Michael H. Artan
                                             *Counsel for Defendant/Movant*
                                             *Thomas Raymond Ross*

# DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED DISPOSITION

## I. INTRODUCTION

This brief is intended to emphasize certain factors that support the disposition proposed by the parties. This brief is not intended to review the entire record or re-litigate Mr. Ross's 2255 motion.

The instant matters were on appeal in the United States Court of Appeals for the Ninth Circuit (*United States of America v. Thomas Ross;* Ninth Circuit Case Number 11-16590). Mediation ordered by the Court of Appeals, led to the parties agreeing upon a proposed disposition of the case subject to this Court's endorsement. Under the proposed disposition of the case, the parties have asked this Court to exercise its jurisdiction under § 2255, dismiss the count of the superseding indictment charging defendant with conspiracy to manufacture methamphetamine, and resentence him on the remaining counts to 172 months incarceration.

To allow this disposition to go forward, the parties jointly moved the Court of Appeal to dismiss the appeal without prejudice to reinstatement of the case to the Court of Appeal. On February 22, 2013, the Court of Appeal ordered dismissal of the appeal, with the condition that reinstatement shall occur upon notice to the Court of Appeal, brought within 28 days of the entry of an order of this District Court that does any of the following: denies the parties' request to exercise its jurisdiction under § 2255, declines to dismiss the count of the superseding indictment charging Mr. Ross with conspiracy to manufacture methamphetamine, or declines to resentence Mr. Ross on the remaining counts to 172 months incarceration.

The defense respectfully suggests that but for his woeful representation by his trial counsel Malik Muhammad, Mr. Ross would have had the benefit of a plea bargain that properly reflected his alleged participation in the events underlying

this case. Instead of gaining the favorable settlement negotiated by Mr. Muhammad's predecessor, he was sentenced to a sentence nearly twice as long, and substantially longer than co-defendants who were more culpable.

**II. FACTS IN SUPPORT OF PROPOSED DISPOSITION**

In late August and early September of 1999, Mr. Ross's first lawyer, Robert M. Holley, recommended that Mr. Ross accept the plea offer of the government, which would have been in the range of 70-87 months. (Document 230-1[1], page 2, ¶ 4)

Mr. Ross had never been in this position before and he was terrified. Mr. Ross sought a second opinion with Malik Muhammad. Muhammad told Mr. Ross that Holley was not interested in Mr. Ross's best interests and the plea bargain was meaningless because he could still receive a life sentence. Muhammad promised Mr. Ross that he (Muhammad) was the right lawyer to represent Mr. Ross. Mr. Ross was confused and taken in by Muhammad; Mr. Ross hired Muhammad to replace Holley.  (Document 230-1, page 2, ¶ 5)

Additionally, soon after Muhammad received the discovery, he requested the trial fee, telling Mr. Ross that the trial was necessary because the prosecutor "had it out for" Mr. Ross. Muhammad refused to discuss a plea bargain and counsel for the government conceded that he "did not recall participating in any plea negotiations with Mr. Muhammad. (Document 230, pages 7-8)

Muhammad pushed Mr. Ross to trial for the apparent purpose of gaining the trial fee. Mr. Ross lost at trial and received a twenty-year sentence. This Court observed at sentencing, in 2001:

---

[1] Document 230 is found in the record of the Eastern District of California case *United States v. Ross;* 2:99-cr-43-WBS-EFB.

> The reason that Mr. Ross, his guidelines come out to be so much more[2] is that ***he had the misfortune of being represented by a good-for-nothing lawyer who has absconded in violation of his duties to his client and his duties to the Court. And that's not fair.*** (Document 205, page 37)

### III. THE PROPOSED DISPOSITION IS A SUFFICIENT SENTENCE

Since the time of Mr. Ross's sentencing in 2001, it has become well settled that the Court's mandate is to apply the sentencing factors set forth in 18 U.S.C. § 3553 (a), with the Federal Sentencing Guidelines to be advisory rather than mandatory. *See United States v. Booker,* 543 U.S. 220 (2005).

In *Gall v. U.S.*, 552 U.S. 38, 45-49 (2007), the Court stated that Guidelines are a "starting point" for an "individualized assessment." In the Ninth Circuit, in keeping with the tradition in federal sentencing and in the spirit of opinions that would come later, the court has stated that "[i]n each case, a criminal sentence must reflect an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." *U.S. v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985).

In *Rita v. United States,* 127 S. Ct. 2456; 168 L. Ed. 2d 203 (2007), the Supreme Court focused on the extent to which the Guidelines must be honored by the trial court. In determining whether a Court of Appeals "may apply a presumption of reasonableness to a district court sentence that reflects a proper

---

[2] The "so much more" referred to the Court's contemporaneous observation "that the Court sentenced Mr. Williams to 97 months, the Court sentenced Mr. Hardin to 150 months, and the Court sentenced Ms. Brooks to 57 months." (Document 205, page 37)

application of the Sentencing Guidelines," the Supreme Court observed that such a presumption may be applied, but added:

> "For one thing, the presumption is not binding. It does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case. [Citations] Nor does the presumption reflect strong judicial deference of the kind that leads appeals courts to grant greater factfinding leeway to an expert agency than to a district judge. Rather, the presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one.

Further, the presumption reflects the nature of the Guidelines-writing task that Congress set for the Commission and the manner in which the Commission carried out that task. In instructing both the *sentencing judge* and the *Commission* what to do, Congress referred to the basic sentencing objectives that the statute sets forth in 18 U.S.C. § 3553(a). That provision tells the *sentencing judge* to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. The provision also tells the sentencing judge to "impose a sentence sufficient, but not

greater than necessary, to comply with" the basic aims of sentencing as set out above." *Rita, supra,* at 2463. (Emphasis in original)

It follows from the determinations of the Supreme Court in *Rita* that the 3553 (a) factors should be the focus of the sentencing court.

18 U.S.C. section 3553 (a) provides, in part:

**(a) Factors To Be Considered in Imposing a Sentence.—** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)** the need for the sentence imposed—
**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
**(3)** the kinds of sentences available;
**(4)** the kinds of sentence and the sentencing range established for

IV.   *\*\*\*\*\**

**(5)** any pertinent policy statement—

V.   *\*\*\*\*\**

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
**(7)** the need to provide restitution to any victims of the offense.

The parties have agreed that the proposed 172 month sentence would be sufficient to comply with the goals of 18 U.S.C. Section 3553 (a). The need for unwarranted sentencing disparities and Mr. Ross's otherwise law-abiding life provide support for a sentence of this duration.

As reflected in numerous letters and certificates supplied to this Court by Mr. Ross in April 2011 (Document 235), Mr. Ross has substantial family support. Additionally, he has already been in custody for more than thirteen years. He is now nearly forty-six years of age and there is little likelihood that he finds himself before the Court again.[3]

## IV.   CONCLUSION

In light of the above, the record of the case and the government's agreement, the defense asks this Court to exercise its jurisdiction under § 2255, dismiss the count of the superseding indictment charging defendant with conspiracy to manufacture methamphetamine, and resentence him on the remaining counts to 172 months incarceration.

                                            Repectfully submitted,

Dated:  May 3, 2013                 /s/ Michael H. Artan

                                            _____
                                            Michael H. Artan
                                            *Counsel for Defendant/Movant*
                                            *Thomas Raymond Ross*

---

[3] Research has shown that older offenders are less likely to recidivate.  In a report by the U.S. Sentencing Commission, it was found that offenders over the age of 50 had a recidivism rate of 9.5%, whereas among the offenders under the age of 21 the rate is 35.5%.  U.S. Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of Federal Sentencing Guidelines* at 12 (Nov. 2004).